In re SOUTHERN INDUSTRIAL BANK-ING CORPORATION, Debtor.

Thomas E. DuVOISIN, Liquidating Trustee, Plaintiff,

v.

William and Hazel ANDERSON, et al., Defendants.

Bankruptcy No. 3–83–00372.

United States Bankruptcy Court, E.D. Tennessee.

June 1, 1988.

GEORGE C. PAINE, II, Chief Judge.

The court has before it the trustee's motion for partial summary judgment regarding 11 U.S.C. § 547(c)(2). This is a core proceeding. 28 U.S.C. § 157(b)(2)(F).

As a preliminary matter, the court declines to hear oral argument on the motion because the court finds the briefs on both sides fully address the issue presented.

The trustee argues that SIBC was involved in a scheme so inherently fraudulent that it was incapable of conducting any ordinary business, thereby tainting all transactions *ab initio* and precluding the availability to defendants of the § 547(c)(2) ordinary course of business defense.

The court rejects the trustee's arguments.

■ This court agrees with jurisdictions which have held that Ponzi-type schemes are not legitimate business enterprises and therefore that transactions connected with such schemes are not entitled to § 547(c)(2) protection. *See Graulty v. Brooks (In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.)*, 819 F.2d 214 (9th Cir.1987) *and Danning v. Bozek (In re Bullion Reserve of North America)*, 836 F.2d 1214 (9th Cir.1988). But this courts finds that SIBC's business enterprise is distinguishable from such Ponzi-type investment schemes.

■ The court finds that SIBC, an industrial loan and thrift company, was conducting a business of the type that Congress intended to protect. Defendants were dealing with a *bona fide* financial institution which was chartered by the state of Tennessee, initially as a Morris Plan Bank and subsequently as an Industrial Loan and Thrift Company. As such it was authorized to issue investment certificates and passbook accounts to customers such as defendants as part of its ordinary business.

Despite its insolvency and the malfeasance of its principals, the court finds that SIBC was acting within the scope of its ordinary business activity. SIBC's insolvency and its principals' malfeasance did not automatically convert SIBC from a legitimate business enterprise to one of an illegal nature incapable of conducting any ordinary business.

■ Because SIBC' business was legitimate and Congress intended the ordinary course of business exception to apply to transactions conducted by legitimate business enterprises, parties will be entitled, as they would if any other industrial loan and thrift company was the debtor, to present proof at trial on all other issues relating to the ordinary course of business exception.

IT IS, THEREFORE, SO ORDERED.